Argued and submitted August 31, affirmed December 1, 1981

STATE OF OREGON,
*Respondent,*

*v.*

DAVID EUGENE KERSEY,
*Appellant.*

(Nos. 80-8-287; 80-8-337; 80-8-338;
80-8-339; 80-8-341, CA A20497)

636 P2d 1009

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his convictions for attempted rape in the first degree (three counts), sexual abuse in the first degree, attempted sodomy in the first degree and sodomy in the first degree. He argues that the court abused its discretion in failing to grant either a dismissal or a mistrial following a discovery violation by the state. *See* ORS 135.805 to 135.873. We affirm.

Trial on this case began, to the court, on December 29, 1980. By the end of that day both sides had rested. The state's evidence showed that defendant had sexually abused two of his step daughters; defendant denied the sexual involvement. At the end of the first day of trial, while defendant's attorney was conferring with the prosecutor in the prosecutor's office, defendant's attorney noticed a tape recording lying on the prosecutor's desk. The tape consisted of conversations between the mother and her daughters (the alleged victims) and other family members concerning the girls' relationship with their stepfather. At that time, the prosecutor made the tape available to defendant's attorney.

At the beginning of the second day of trial, defendant moved successively for a dismissal, a mistrial and a continuance, arguing that the state's failure to provide the tape prior to trial constituted a discovery violation. He had spent the evening listening to the tape and had concluded that it had significant impeachment value. The prosecutor explained that he had discovered the existence of the tape, which was in the possession of the Children's Services Division, on December 24, 1980. Although someone from his office was scheduled to pick up the tape on that day, it was not picked up until one or two days prior to trial. He had not listened to the tape prior to the time he turned it over to the defendant's attorney. While he admitted that his office's failure to provide the defendant with the tape was a discovery violation, he represented to the court that it was completely inadvertent, and defendant does not dispute that claim.

The court granted defendant a 13-day continuance with leave to reopen his case at the end of that period. It denied the motions for dismissal and a mistrial.

At the end of the 13-day period, the trial resumed. Defendant introduced the tape in evidence. After the judge had listened to the tape, the defense rested. The judge then asked: "You do not intend to call any further witness?" Defendant's attorney said that he did not. The state then recalled the mother and one of the daughters in rebuttal. Defendant's attorney cross-examined each of them. Defendant now claims that the discovery violation prevented him from effectively cross-examining the children and the mother. He also claims that the continuance did not provide him with sufficient time to "digest and adequately investigate" the material contained in the tapes.

■■　　Failure to provide discovery may be subject to sanction under ORS 135.865:

> "Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

Unless there is prejudice in the preparation of the case for trial, no sanction for violation of the discovery statutes is warranted. *State v. King,* 30 Or App 223, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978). Where prejudice is found, trial courts have broad discretion to fashion appropriate remedies. 30 Or App at 228. Even where prejudice occurs, an order to disclose and a reasonable continuance is generally the most appropriate remedy. 30 Or App at 228. For purposes of this appeal, we may assume that defendant was prejudiced by the prosecutor's unintentional failure to provide him with the tape prior to trial. We conclude, however, that the trial court's remedy adequately dispelled any prejudice.

■　　Defendant's claim that the discovery violation prevented him from effectively cross-examining the alleged victims and their mother is contradicted by the record. Defendant placed the tape itself in evidence. He was able to cross-examine two witnesses thereafter and chose not to call others.

As to defendant's argument that the 13 day continuance did not provide him with adequate time to investigate and assimilate the contents of the tape, we point out that at no point after the continuance did defendant suggest that the length of the continuance was insufficient. After reviewing the tape he did not apprise the court of any unanticipated need to call additional witnesses or to change his trial tactics. If the state had complied with the discovery rules, defendant would have received the tape on December 24, 1980, five days prior to trial. By granting the 13 day continuance, the trial court actually provided defendant with more time than he would have had absent the violation.

Affirmed.